NOVEMBER 5, 1801.

# James Kenney v. Isaac Clinkinbeard.

*Upon an appeal from a decree of the Paris District Court.*

A call in an entry which is indefinite, must be disregarded, and the entry surveyed as though the call had not been made.

The appellant, who was complainant in the court below, claims under a settlement and pre-emption granted him for raising a crop of corn in the country, and the claim of the appellee is founded on a common treasury land warrant: so that the only important inquiries which arise are, have the appellant's locations and his surveys been legally made? No objections can be urged against the locations of his settlement, but this court agrees with the district court that the settlement has not been surveyed conformably thereto, and is of opinion that the manner of surveying it directed by that court was the only rational one which can be devised. This court, also agrees with that court that the pre-emption has not been surveyed conformably to its location. The location is as follows: James Kenny enters a pre-emption warrant of 1,000 acres on the south fork of Licking, adjoining his settlement, and to extend from the spring down to the river and out for quantity, &c. The only difficulty which arises in this location is on the expression "the spring," which is altogether indefinite. The surveyor's report shows a spring on the north bank of the river, and near the south-west corner of the appellant's settlement as he has surveyed it, which, probably, is the spring he intended, but as he has not proven that there is no other spring contiguous which would not induce the same probability in an equal or stronger degree, this court is of opinion, as the district court seems to have been, that this call must be rejected as having no certain meaning, and that the location ought to be taken as if it were expunged. So that this court also accords in opinion with the district court on the manner the pre-emption should be surveyed.

Wherefore, it is decreed and ordered, that the said decree of the district court be affirmed, and that the appellant do pay unto the appellee the costs of this appeal, which is ordered to be certified to the said court.