Sneed, J.,
delivered the opinion of the Court.
The defendant appeals in error from a judgment •of the Circuit Court of Knox county, upon a verdict of six thousand dollars ($6,000) damages assessed by the jury for killing Deaderick Collins, the husband of the plaintiff. The accident which occasioned the death of said Deaderick Collins, occurred on the 2nd of October, 1871. He was a fireman on the defendant’s train, which, on that day, ran over some cattle, whereby the engine and tender were thrown from the track, and the tender upsetting fell upon said Collins, killing him instantly.
The action is brought by the widow, under the Act of 1871, ch. 78, which is in the words following: “Be it enacted, &c., that Section 2291 of the Code of Tennessee, be so amended as to provide that the right of action, which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer in case death had not ensued, shall not abate or be extinguished by the death; but shall pass to his widow; and, in case there is no widow, to his children or to his personal representative, for the benefit of his widow or next of kin, free from the claims of his creditors.”
*845 .The second section of the Act is in these words: “Be it enacted, &c., that Section 2292 be so amended as to allow the widow, or if there be no widow, the children, to prosecute suit, and that this remedy is provided in addition to that now allowed by law in the class of cases provided for by said Section 2291 of the Code, which this Act is intended to amend.”
This Act took effect and was approved by the Governor on the 14th of December, 1871, two months and twelve days after the death of the said Deaderick Collins.
The Sections of the Code thus amended, are in the words following: — by Section 2291, it is provided that “ the right of action, which a person, who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death; but shall pass to the personal representative for the benefit of his widow and next of kin, free from the claims of his creditors.”
The other Section thus amended by the Act first above recited, is in these words: “ The action may be instituted by the personal representative of the deceased; but, if he decline it, the widow and the children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he signs his name to the prosecution bond.”
*846 Then follows Section 2293, in these words: “If the deceased had commenced an action before his death, it shall proceed without a revivor. The damages shall go to the widow and next of tin, free from the claims of the creditors of the deceased, to be distributed as personal property.”
It will be observed that the effect of these Enactments was the abrogation of the Common Law doctrine, that personal actions die with the person, so far as actions of trespass for physical injuries are concerned.
It is insisted, on behalf of the defendant, that inasmuch as the killing of the plaintiff’s husband occurred prior to the passage of the Act under which she brings this action, that she has no right to maintain it: the right of action being then in the administrator: — and this defense is relied upon under the general issue plea of “not guilty.” It is said that the Act can not be construed to be retrospective in its operation; and, therefore, it is inoperative as to rights of action existing prior to its passage. If this objection be tenable at all, it should have been made in limine — and' as the facts all appear upon the face of the declaration, it might have been taken by demurrer. Barb, on Parties, 308. The Courts would be loth, in any case, to entertain a technical objection made for the first time at the trial which might, by the lapse of time, result in defeating a meritorious cause of action; and which might, more appropriately, have been taken at the threshold, and thus afford an opportunity, by amendment, to save the right. But, *847 waiving any further discussion upon the matter of practice, we are of opinion that the Act under consideration is not retrospective in a sense obnoxious to the Constitutional inhibition.
It is a general rule, that a Statute is to operate prospectively, unless upon its face it imports a retrospective operation; but it is not every retrospective law that is objectionable in a Constitutional sense. It is said that a vested right of action is property, just as tangible things are, and is protected from any arbitrary interference by the Legislature; but this doctrine is referable to such rights of action as spring from contracts or from the Common Law. Cooly, 362. But the right to a particular remedy, says the same authority, is not a vested right. Id., 361. The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existence — or may abolish old and substitute new remedies. Id., 361, 362. It may modify an existing remedy — or remove an impediment in the way of judicial proceedings. Id., 374. Thus it is said by this Court, that retrospective laws may be made when they do not impair the obligation of contracts, or divest or impair vested rights: — such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights. Wynne v. Wynne, 2 Swan, 410. The doctrine has no reference to laws which merely add *848 cumulative remedies to a right already in existence. 1 Sneed, 86; Peck, 1; 6 Yerg., 119; 2 Yerg., 123, 260; 7 Hum., 170. Now, in this case, the Act, in the language of Judge Cooly, simply removes an impediment from judicial proceedings. The right of action under -the original Act was in the administrator, if there be one; but he is a mere nominal party. The beneficial right was in the widow and children, or next of kin. The Act imports on its face the Legislative purpose that it is in aid and amend-atory of the former Acts. It does not repeal them, but gives the widow the right of action as well as the administrator. The cause of action having accrued in this case, the right to the remedy must rest in somebody. But suppose, as in this case, there be no administrator, Where was the right to the remedy between the date of the killing and the date of the Enactment in question ? It had not vested at all, because there was no one in whom it could lawfully vest. It was, therefore, in abeyance — a floating right, which could then only vest in an administrator on his appointment, or in any one else to whom the law gives the remedy. If there had been an administrator in this case, and he had brought the action, the first in kin would be the first in right. But there being none, the right vested in the widow exclusively, upon the passage of the Act. In no respect can it be said that a vested right, in this case, had been interfered with; because, in the first place, the right of action was concurrent in either — if there had been an administrator — but there being none, there was no *849 vestiture of the right at all until it was finally vested in the widow. "We apprehend that this Legislation of 1871 was intended to meet the hardships of just such a case as this, where there was a meritorious cause of action, and no likelihood of administration. From the terms of the Act, it was manifestly intended to reach back and connect itself with causes of action occurring under the provisions of the Code. The language is, that “this remedy is provided in addition to that now allowed by law in the class of cases provided for by said Section 2291 of the Code.”
We hold, that the widow was entitled to sue in this case; and that the Act under which she sues is not retrospective in the sense of the Constitution. Potter’s Dwarris, 23, 471, 473. But it is further insisted, that there is error in the charge of the Court, to the effect that in this .action the jury could award the damages of the children as well as the widow, when the declaration is only on- behalf of the widow. It will be seen from Section 2293 of the Code, above cited, that the Law itself gives direction to the recovery in such cases.
-The widow and the children are the beneficiaries of the action — and this Section stands unrepealed and unaffected by any subsequent Legislation. The recovery in this ease, there being several children, enures to the benefit of the widow and the children, “to' be distributed as personal property,” in the language of the Statute. The Courts will see to the disposition of the recovery. We have held at the present Term, in the case of Sample v. Smith, that when the action *850 is brought under the Code, in the name of tbe administrator, by the widow, the children are not necessary parties to the action; and we can see no reason for varying the rule in a case like this. In any case where there are children, and the action is brought by the widow or the administrator, the law itself disposes of the recovery to the use and benefit of the widow and children. We see no error in the charge on this subject.
We are asked to reconsider and revoke the doctrine announced in the case of Prince, 2 Heis., 580, which has been adhered to in several subsequent eases, that “ damages may be awarded not only for the mental and bodily suffering, loss of time, and necessary expenses, resulting to the deceased from personal injuries; but, also, for the loss and deprivation resulting to the parties for whose benefit the right of action survivesAn ingenious argument is predicated upon the phraseology of the Statute: “ the right of action, which a person, who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death; but shall pass to his widow; and, if no widow, to his children, or to his personal representative for the benefit of his widow or next of kin, free from the claims of his creditors.” The word “damages,” in legal parlance, means the indemnity recoverable by a person who has sustained an injury either in his person, property, or relative rights, through the act or default of another. To constitute a right to recover *851 damages, the party claiming damages must have sustained a loss; the panrty against whom they are claimed must be chargeable with the loss. The loss must be the natural and proximate consequence of the wrong. 1 Bouv. L. D., 422. If the plaintiffs had a reasonable expectation of pecuniary advantage from the continuance of the life of the deceased, they may recover for it: and, the greater the value of the life to them, in a pecuniary point of view, the more perfect the right of recovery. Sh. & Redf. Neg., 612.
Now it is argued, that it is only the right of -action which the deceased would have had, had he lived, that passes to the widow, and that this does not include the incidental injuries to his family occasioned by the wrong to himself, as well as, his mental and bodily suffering, etc. If he had lived and had been disabled for life, or a series of years, or even seriously injured, he would have been entitled to compensatory damages. If he had a wife and children whom he had supported by his industry — to whom he was now unable to render any assistance on account of his injuries — this privation of himself and family would necessarily constitute an element in the computation of damages. And, if his life is lost to them, why may not the privation to them of the aid and maintenance he had given them, still enter into the computation of actual damages sustained by them? The widow has lost a husband, the child a father, and both have lost the food and raiment which his industry provided. Had he lived, he could have indemnified the last privation by his action against the *852 wrong-doer; and, having died, 'the same right df indemnity passes to them. This is the sense of the Law, as we understand 'it, a'nd we see n’o réasoh to depart from the doetrilie of our adjudged cases upon "the subject N. & C. R. R. Co. v. Mary Stevens, ante, 12.
Upon the 'facts of this ó'ase we have büt little to-say. The injunctions of the Law upon the defendant were imperative and peremptory. The consequence of disregarding them, say this Court, in numerous cases,, ds absolute dnd unconditional liability. The Statute "makes no exceptions, and tolerates no excuses. The law 'has not been obeyed, and the verdict must "stand.
Affirm the judgment.